# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RICHARD E. DAVIS, JR.,    )
           )
    **Plaintiff,**    )
           )   **CIVIL ACTION**
v.           )
           )   **No. 10-2381-KHV**
TURNER UNIFIED SCHOOL DISTRICT )
NO. 202,        )
           )
    **Defendant.**    )
_____)

## MEMORANDUM AND ORDER

   Plaintiff alleges that Turner Unified School District No. 202 terminated his employment, failed to accommodate his disability and retaliated against him because of disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. This matter comes before the Court on <u>Defendant's Motion To Dismiss</u> (Doc. #10) filed August 11, 2010 and plaintiff's <u>Motion For Leave To File An Amended Complaint</u> (Doc. #27) filed November 30, 2010. Defendant seeks dismissal under Rule 12(b)(6), Fed. R. Civ. P., arguing that plaintiff has not pleaded facts sufficient to state an ADA claim for wrongful termination, failure to accommodate or retaliation. In response, plaintiff seeks leave to amend his prior complaint (which he filed pro se) to clarify his claims for wrongful termination and failure to accommodate. Defendant opposes plaintiff's motion to amend, arguing that the proposed amendments are futile. For reasons stated below, the Court sustains defendant's motion in part and sustains plaintiff's motion in part.

## Legal Standards

   In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether

they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Iqbal, 129 S.Ct. at 1949. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Id. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully –  it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950.  Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-32 (3d Cir. 2008)).

Although plaintiff now has counsel, the Court construes his pro se complaint liberally and holds

it to a less stringent standard than formal pleadings drafted by lawyers. See Hall, 935 F.2d at 1110. The Court, however, does not assume the role of advocate for a pro se litigant. See id.

Leave to amend is a matter committed to the sound discretion of the district court. See First City Bank. N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127 (10th Cir. 1987). Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend "should be freely given when justice so requires." A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to deficiencies by amendments previously allowed or futility of amendment. Wilkerson v. Shinseki, 606 F.3d 1256, 1267 (10th Cir. 2010). A proposed amendment is futile if the amended complaint would be subject to dismissal. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007).

## Factual Background

Plaintiff's complaint (Doc. #1) and exhibits[1] may be summarized as follows:

Plaintiff suffers from bipolar disorder, which is also known as manic depression. He regularly attends appointments for case management, psycho-social group and medication at Wyandot Center.

Plaintiff worked as a night custodian at Turner Middle School from September of 2007 through February of 2009. Plaintiff performed adequately and received standard salary increases in November of 2007 and July of 2008. In a performance review dated November 12, 2007, plaintiff's supervisor rated him "above average." In 2008, plaintiff received a "Teamwork Award" and was a "Points of Light Nominee."

In August of 2008, plaintiff told his second shift supervisor Connie Beckham that he had

---

[1] Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss. Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

received a settlement from a lawsuit over his use of Zyprexa. Zyprexa is used to treat bipolar disorder. Beckham responded by telling him that her daughter took Depakote, a medication used for similar mental conditions, and that she was aware of problems facing people with mental conditions. During a disagreement in October of 2008, Tom Barton (another custodian) said to plaintiff "at least I don't have to take pills for my brain."[2] On December 18, 2008, plaintiff told Kevin White, the day shift supervisor, that he could not take working on second shift because of his nerve problems.[3]

On February 6, 2009, defendant suspended plaintiff without pay and told him that at the next Board of Education meeting it would recommend terminating his contract unless he submitted a written letter of resignation by February 10, 2009. Plaintiff asked Bart Swartz, Deputy Superintendent, if he could submit a letter to the Board from Wyandotte [sic] Mental Health about his mental health. Swartz declined to review the letter. On February 10, 2009, defendant terminated plaintiff's employment without telling him why or stating that complaints had been filed against him. On February 17, 2009, the Board of Education approved the termination of plaintiff's employment effective February 6, 2009. It did not allow plaintiff to submit information from a mental health clinic which was treating him. An outside grounds position was available but defendant filled it with someone else.

Plaintiff filed a complaint with the Kansas Human Rights Commission ("KHRC"), and he attaches to his complaint the KHRC Summary Of Investivative Findings. On February 11, 2010, KHRC found no probable cause for plaintiff's complaint and closed its files. Plaintiff requested review by the United States Equal Employment Opportunity Commission, which issued a dismissal and notice of

---

[2]     Plaintiff alleges that Barton also made several racist comments to him, but he does not bring a race discrimination claim.

[3]     Plaintiff alleges that White showed him pictures of naked women on his computer, but he does not bring a sexual harassment claim.

rights on April 19, 2010.

**Analysis**

**I.     Motion To Dismiss**

    **A.     Retaliation Claim**

Defendant seeks to dismiss plaintiff's retaliation claim for failure to state a claim under Rule 12(b)(6). Specifically, defendant argues that plaintiff never participated in protected activity under the ADA. To survive a motion to dismiss, plaintiff must allege facts which plausibly show that he engaged in an act protected by the ADA, that defendant retaliated and caused him harm, and that a causal connection exists between plaintiff's protected act and defendant's retaliation. White v. Kan. Dept. of Corr., 09-3245-KHV, 2010 WL 3861848, at *5 (D. Kan. Sept. 22, 2010). In his response and motion for leave to amend, plaintiff concedes that he did not engage in protected activity which led to a retaliatory act. The Court therefore dismisses plaintiff's retaliation claim.

    **B.     Unlawful Termination Claim**

Defendant seeks to dismiss plaintiff's termination claim, arguing that plaintiff's complaint admits that defendant did not know that plaintiff was disabled or regard plaintiff as disabled. Defendant also argues that the complaint does not identify plaintiff's disability. Defendant argues that plaintiff thus cannot prevail on a claim of wrongful discharge under the ADA. In response, plaintiff notes that he filed his initial complaint pro se, that he suffers from mental illness and that his reading skills are at a fourth or fifth grade level. Plaintiff further notes that defendant bases its motion on purported "admissions" that he made when filling out forms and questionnaires during the KHRC investigation. Plaintiff blames the purported admissions on his limited literacy and lack of understanding of legal terms, and argues that the purported "admissions" are contradicted by exhibits to the complaint.

To survive a motion to dismiss, plaintiff must allege facts which plausibly show that he is disabled under the ADA, that he can perform the essential functions of his job with or without accommodation, and that defendant terminated his employment under circumstances which give rise to an inference that the termination was based on his disability. Kinchion v. Cessna Aircraft Co., 504 F. Supp. 2d 1137, 1142 (D. Kan. 2007). To be disabled under the ADA, plaintiff must allege a physical or mental impairment that substantially limits one or more major life activities, have a record of such impairment, or be regarded as having such an impairment. 42 U.S.C. § 12102(2); Kinchion, 504 F. Supp. 2d at 1142.

Defendant first argues that plaintiff's complaint does not identify his disability. The form complaint which plaintiff completed does not specify his disability, but an attachment to his complaint clearly states that he suffers from bipolar disorder, for which he has been hospitalized and regularly takes medication and attends case management and group counseling appointments. See Doc. #1-1 at 13. Bipolar disorder qualifies as a disability under the ADA. Den Hartog v. Wasatch Acad., 129 F.3d 1076, 1081 (10th Cir. 1997). Plaintiff has sufficiently alleged he is disabled under the ADA.

Defendant argues that plaintiff's complaint "admitted" that defendant did not know of plaintiff's disability and that plaintiff's claim is therefore precluded. It is unclear whether this argument is directed toward the first prong of plaintiff's ADA claim (i.e. whether plaintiff is disabled or regarded as such) or the third prong (i.e. whether plaintiff raises an inference that his employment was terminated because of his disability). Either way, however, defendant's argument fails.

At the heart of this argument lies a questionnaire which plaintiff completed during the KDHC investigation into his claim. See Doc. #1-4. When asked whether his employer was aware of his record of impairment, plaintiff responded "not to my knowledge." Id. at ¶16. When asked whether his

employer was aware of his disability and whether he had submitted medical information or records to his employer, plaintiff also responded "no." Id. at ¶¶27, 29. Defendant claims that these "admissions" defeat plaintiff's claim. In the questionnaire, however, plaintiff also noted that he has a record of a disability (bipolar disorder). See Doc. #1-4, ¶¶ 10-11. Plaintiff identified the ways in which his disability affected major life activities, id. at ¶¶ 12-13, and stated that he believed defendant regarded him as having the disability of a nervous condition, id. at ¶¶ 17-18.[4] Liberally construing the complaint and its attachments, plaintiff alleges disability and that defendant regarded him as being disabled because of a nervous condition. Even if plaintiff believes that defendant was not aware of his specific diagnosis (bipolar disorder), that fact is not dispositive. Defendant's motion to dismiss on this ground is therefore overruled.

### C.    Failure To Accommodate

Defendant seeks to dismiss plaintiff's claim for failure to accommodate, arguing that plaintiff admits in the same KDHC questionnaire that defendant never denied any request for a reasonable accommodation. Plaintiff alleges that an outside grounds position was available but that defendant assigned it to someone else. Plaintiff also alleges that after Swartz suspended his employment, he asked for permission to submit a letter to the Board from Wyandotte [sic] Mental Health but that Swartz and the Board refused to review the letter. To survive a motion to dismiss, plaintiff must allege facts which plausibly show that he is disabled within the meaning of the ADA, that he can perform the essential

---

[4]    On a different questionnaire, when asked whether he believed that his employer regarded him as having a disability, plaintiff answered "no." See Doc. #1-4, ¶10. Plaintiff's answer to that question is ambiguous, however, because when asked what disability plaintiff believes his employer thinks he has, plaintiff responds. This response, unfortunately, is illegible. Id., ¶11. When asked what his employer has done to make him believe it regards him as disabled, plaintiff answers "nothing." Id., ¶12.

functions of his job with or without accommodation, and that defendant did not take reasonable steps to reassign him to a vacant position or a position that defendant reasonably anticipated would become vacant in the fairly immediate future. Brooks v. City of Wichita, Kan., 05-1110-MLB, 2005 WL 1896250, at *1 (D. Kan. Aug. 9, 2005) (citing Bartee v. Michelin N. Am., Inc., 374 F.3d 906, 912 n. 4 (10th Cir. 2004)).

The first two prongs of a claim for failure to accommodate are the same as in a wrongful termination claim, and plaintiff has sufficiently alleged both. With regard to the third prong, defendant argues that because plaintiff's questionnaire admits that defendant never denied a request for reasonable accommodation, plaintiff fails to state a claim. To trigger an employer's duty to reasonably accommodate a disabled employee through reassignment, the employee must ordinarily initiate an interactive process by providing notice of his disability (including related limitations) and by expressing a desire for reassignment. Smith v. Midland Brake, Inc., 180 F.3d 1154, 1172 (10th Cir. 1999). To express a desire for reassignment, the employee need not use magic words, but must convey to the employer a desire to remain with the company despite his or her disability and limitations. Id. A request as straightforward as asking for continued employment is sufficient. Id.

The Court has carefully reviewed plaintiff's complaint and the attachments, including the questionnaire upon which defendant bases its motion, to determine whether plaintiff alleges facts which plausibly show that defendant did not take reasonable steps to reassign plaintiff to a vacant position or a position that defendant reasonably anticipated would become vacant in the fairly immediate future. The germane allegations are that (1) at some point, an outside grounds position was open which defendant assigned to someone else and (2) after his suspension, plaintiff asked Swartz for permission to submit a letter to the Board from Wyandotte [sic] Mental Health about his mental health but Swartz

and the Board refused to review the letter.  While a close call, construing the complaint liberally (very liberally),  the Court finds that it sufficiently alleges facts which plausibly suggest that plaintiff expressed a desire for reassignment when – in an attempt to save his job – he asked for and was denied permission to submit a letter about his mental health to defendant.[5]  Id.

## II.    Motion For Leave To Amend Complaint

Defendant opposes plaintiff's motion solely on the grounds of futility, arguing that the proposed amendments do not cure the deficiencies of the complaint.  Defendant also opposes plaintiff's request to add a claim for punitive damages because neither federal nor state law provide for them.  Having already found that plaintiff's complaint states prima facie claims under the ADA, and having reviewed the proposed amended complaint, the Court concludes that bulk of plaintiff's proposed amendments – including plaintiff's request to add a claim for punitive damages – are permissible under Rule 15(a)(2), Fed. R. Civ. P.[6]  Plaintiff's proposed failure to accommodate claim is more problematic, however.  It contains no factual allegations which plausibly suggest that plaintiff expressed a desire for reassignment or that defendant failed to reasonably accommodate such a request.  Rather, it alleges only that defendant knew plaintiff was disabled and had committed disability-related misconduct, but made "no effort to accommodate" plaintiff's mental illness disability.  The proposed amendment thus qualifies as a "formulaic recitation of the elements of a cause of action" which is insufficient to state a claim.  Iqbal, 129 S.Ct. at 1949.  As such, the proposed amendment is even less sufficient than that the current

---

[5]    This holding is not case-dispositive.  If it were, the Court might require more specific factual pleading.

[6]    An ADA plaintiff may seek punitive damages if his employer acted with malice or reckless indifference to plaintiff's federally protected rights.  E.E.O.C. v. Heartway Corp., 466 F.3d 1156, 1169.

allegations and amendment of this claim would thus be futile.  The Court therefore overrules plaintiff's motion to amend as it relates to his failure to accommodate claim.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion To Dismiss</u> (Doc. #10) filed August 11, 2010 be and hereby is **SUSTAINED in part**.  Plaintiff's retaliation claim is hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that plaintiff's <u>Motion For Leave To File An Amended Complaint</u> (Doc. #27) filed November 30, 2010 be and hereby is **SUSTAINED in part.**  Plaintiff is granted leave to amend his complaint except as it relates to his claim of failure to accommodate, which he should re-plead as currently alleged.

Dated this 29th day of March, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge